# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7256 | **DATE** | 1/7/2003 |
| **CASE TITLE** | Richard Roe vs. Village of Westmont | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. Because of the repeated violations of this Court's orders and of the crystal clear provisions of Rule 8(b), SAA ¶¶7, 17, 18, 19 and 26 are stricken, and defendants will be treated as having admitted the allegations of Complaint ¶¶7, 17, 18, 19 and 26. Accordingly AD 2 will remain in the SAA, but this Court will dismiss the Board from this action on January 21, 2003 unless plaintiff's counsel were to file an earlier submission in this Court's chambers (with a coy of course being transmitted to defense counsel) explaining why that should not be done.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | **Document Number** |
| | No notices required. | | | Number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 08 2003 | | |
| | Notified counsel by telephone. | | | | |
| | Docketing to mail notices. | U.S. DISTRICT COURT | | docketing depty initials | |
| | Mail AO 450 form. | CLERK | | | |
| | Copy to judge/magistrate judge. | 03 JAN -7 PH 4: 13 | | 1/7/2003 | |
| | | | | date mailed notice | |
| SN | courtroom deputy's initials | FILED-ED 10 | | SN | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

RICHARD ROE,                          )
                                      )
            Plaintiff,                )
                                      )
      v.                              )      No.  02 C 7256  **DOCKETED**
                                      )
VILLAGE OF WESTMONT, et al.,          )                      JAN - 8 2003
                                      )
            Defendants.               )

## MEMORANDUM ORDER

This is truly hard to believe.  Not once but twice (first in its December 13, 2002 memorandum order and then again in its January 2, 2003 memorandum order) this Court has <u>expressly</u> told defense counsel that the responsive pleadings they had just filed had violated the equally express provisions of the second sentence of Fed. R. Civ. P. ("Rule") 8(b) as to the type of disclaimer that is a precondition to obtaining the benefit of a deemed denial of a plaintiff's allegations.  Not once but twice that message was accompanied by this Court's specific citation to one of its published opinions that has elaborated on that principle (even though it scarcely needs elaboration, given the clarity of Rule 8(b)).  Yet defense counsel have now filed still another pleading--the Second Amended Answer ("SAA")--that repeats the identical violation in the identical paragraphs.

Enough is enough--in this instance, enough is too much.  Because of the repeated violations of this Court's orders and of the crystal clear provisions of Rule 8(b), SAA ¶¶7, 17, 18, 19

and 26 are stricken, and defendants will be treated as having admitted the allegations of Complaint ¶¶7, 17, 18, 19 and 26.

In one respect, however, defense counsel has been appropriately responsive to a question raised in the January 2 memorandum order. There this Court had inquired as to the thrust of defendants' Affirmative Defense ("AD") 2. Defense counsel have now filed a supplemental brief in that respect, confirming this Court's inference that the Westmont Board of Fire and Police Commissioners ("Board") is not a legal entity, so that the proper target of plaintiff Richard Roe's allegations is really the Village of Westmont itself. Because the Village is already a party defendant, the appropriate action would appear to be the Board's dismissal as a party defendant, rather than simply leaving the matter to be raised as an AD. Accordingly AD 2 will remain in the SAA, but this Court will dismiss the Board from this action on January 21, 2003 unless plaintiff's counsel were to file an earlier submission in this Court's chambers (with a copy of course being transmitted to defense counsel) explaining why that should not be done.

Milton I. Shadur
Senior United States District Judge

Date: January 7, 2003

2